654 F.2d 300
 26 Fair Empl.Prac.Cas. 570,
26 Empl. Prac. Dec. P 31,980
Frank L. CARSON, Lawrence Hatcher, Stuart E. Mines, Appellants,
v.
AMERICAN BRANDS, INC., t/a The American Tobacco Company;
Local 182, Tobacco Workers International; Tobacco
Workers International Union, Appellees.
 No. 77-2260.
 United States Court of Appeals,
Fourth Circuit.
 Submitted May 28, 1981.
Decided July 17, 1981.
 
 P. Peter Sherwood, New York City, John W. Scott, Jr., Fredericksburg, Va., Henry L. Marsh, III, William H. Bass, III and Randall G. Johnson, Richmond, Va., for appellants.
 Henry T. Wickham, D. Eugene Webb, Jr., Jay J. Levit, Levit & Mann, Richmond, Va., for appellees.
 Before WINTER, Chief Judge, and BUTZNER, RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, SPROUSE and ERVIN, Circuit Judges, sitting in banc.
 PER CURIAM:
 
 
 1
 This case is before the in banc* court again following remand by the Supreme Court for further proceedings in conformity with the opinion of the Court. See Carson v. American Brands, Inc., 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981).
 
 
 2
 In our previous decision, Carson v. American Brands, Inc., 606 F.2d 420 (4 Cir. 1979) (in banc), a majority of the court in a split decision held that an order of the district court refusing to enter a consent decree in a class action under Title VII asserting claims of racial discrimination on behalf of black employees and black applicants for employment at a tobacco plant was not appealable. The dissenting members of the court expressed the view that the order was appealable and that, on the merits, the district court, 446 F.Supp. 780, abused its discretion in declining to approve and enter the consent decree. The dissenting members of the court would have directed the district court to enter the proposed decree, modified only with respect to notice and possible further proceedings regarding members of Class 2 (black persons who sought but did not obtain seasonal employment after September 9, 1972). See 606 F.2d at 431 n.3 and 432.
 
 
 3
 The Supreme Court held that the order of the district court refusing to enter the consent decree was an order refusing an injunction and was therefore appealable under 28 U.S.C. § 1292(a)(1). Its mandate reversed our decision to the contrary and remanded the case for further proceedings in conformity with what it had decided. The case is thus before us on the merits.
 
 
 4
 A majority of the present in banc court is of the view that the district court should be directed to enter the consent decree with the modification to which we have referred for the reasons set forth in the dissenting opinion of Judge Winter in which Chief Judge Haynsworth and Judge Butzner joined in the previous appeal. See 606 F.2d 424-32. Accordingly the judgment of the district court is reversed and the case is remanded for further proceedings in conformity therewith.
 
 
 5
 REVERSED AND REMANDED.
 
 
 6
 DONALD RUSSELL, WIDENER, and JAMES DICKSON PHILLIPS, Circuit Judges, dissenting:
 
 
 7
 To say that Weber (United Steelworkers of America v. Weber, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480) will be of importance in employment cases is, of course, an understatement.
 
 
 8
 In view of the considerable consequences of the application of Weber, we think in this, probably the first application by this court of Weber on its merits, Weber should be applied first to the facts of this case by the district court. Thus, we would remand the case to the district court to reconsider the proposed settlement agreement in the light of Weber.
 
 
 9
 We believe that Flinn v. FMC Corporation, 528 F.2d 1169 (4th Cir. 1975), clearly indicates that the district court should first consider the fairness of settlements in agreed dispositions requiring court approval.
 
 
 
 *
 When originally heard and decided, the in banc court consisted of Haynsworth, Chief Judge and Winter, Butzner, Russell, Widener, Hall and Phillips, Circuit Judges. By the time that the case was before us again, Chief Judge Haynsworth had taken senior status and Circuit Judges Murnaghan, Sprouse and Ervin had been appointed to the court